IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
DOCKET NO. 23-4037

UNITED STATES OF AMERICA,　　)
　　　　　　　　　　　　　　　　)
　　　　　*Plaintiff-Appellee*,　)
　　　　　　　　　　　　　　　　)
　　　　　　　　vs.　　　　　　 )
　　　　　　　　　　　　　　　　)
STACY JAMES SMITH,　　　　　　 )
　　　　　　　　　　　　　　　　)
　　　　*Defendant-Appellant*.　 )
　　　　　　　　　　　　　　　　)
_____ )

## **MOTION TO DISMISS APPEAL**

Defendant Stacy James Smith appeals the district court's restitution order and amended judgment imposed after he pleaded guilty to access-device fraud conspiracy. Smith filed his notice of appeal on January 23, 2023, more than nine months after the deadline to appeal the order and judgment had passed. Smith also knowingly and voluntarily waived his right to appeal the restitution order and amended judgment when he pleaded guilty. And the record does not establish, conclusively or otherwise, that Smith's counsel was

constitutionally deficient. The United States, therefore, moves to dismiss Smith's appeal.

## BACKGROUND

Smith conspired with twelve other people to use stolen credit card numbers to fraudulently purchase items such as trailers, electronics, landscaping materials, and constructions materials over the course of a year. J.A. 173–174. Smith stored some of the items at his residence in exchange for cash payments and other consideration. J.A. 174. He also rented cars so his co-conspirators could travel to stores to conduct fraudulent transactions. J.A. 174. The co-conspirators made or attempted to make purchases totaling $512,286.62. J.A. 174.

A federal grand jury indicted Smith in May of 2018, charging him with one count of access-device fraud conspiracy in violation of 18 U.S.C. § 1029(b)(2). J.A. 12–13. A year later, Smith and the United States entered into a plea agreement, and Smith pleaded guilty to the conspiracy offense. J.A. 24. In the parties' plea agreement, Smith agreed to "pay full restitution, regarding of the resulting loss amount, to all victims directly or indirectly harmed" by his relevant conduct. J.A.

20.  In exchange for his plea, the United States agreed that the appropriate sentence was one within the applicable guideline range and that it would not seek a departure or variance.  J.A. 19.  It also agreed that it would "not oppose a minor participant adjustment."  J.A. 19.  "[I]n exchange for the concessions made by the United States," Smith waived his right to contest his conviction in an appeal on any ground "except for claims of (1) ineffective assistance of counsel or (2) prosecutorial misconduct."  J.A. 22.  On the same day the parties filed their plea agreement, they also filed a factual basis supporting the guilty plea, in which Smith admitted that he knowingly and with intent to defraud engaged in a criminal conspiracy.  J.A. 26.  The factual basis stated that Smith "was not involved in the criminal conspiracy during its entire duration" and that his role would be "discussed more fully at his sentencing."  J.A. 26.

The district court, Magistrate Judge David C. Keesler, conducted a hearing in accordance with Federal Rule of Criminal Procedure 11 and found that Smith's guilty plea was knowing and voluntary.  J.A. 31.  The magistrate judge reviewed the charge and the maximum penalty

3

that could apply — seven and one-half years in prison — and Smith affirmed that he had discussed the charge with his attorney and understood the charge and its consequences. J.A. 35–36. He affirmed that he understood that "the Court may order restitution — or the payment of money"— and that he would be bound by his plea even if his sentence was more severe than he expected. J.A. 37–38.

The prosecutor summarized the parties' plea agreement, including the provision that the United States would "not oppose a minor-participant adjustment." J.A. 40. Smith affirmed that he understood the terms of his plea agreement and that he had expressly waived his right to appeal his convention and sentence. J.A. 41–42. The magistrate judge found that Smith's plea was "knowingly and voluntarily made" and that he understood the "charges, potential penalties, and consequences of his plea." J.A. 45.

The probation office prepared a presentence report. J.A. 170. The probation officer concluded that the Sentencing Guidelines advised imprisonment of 10 to 16 months based on a total offense level of eight and a criminal history category of IV. J.A. 192. The offense level

4

included a four-offense-level increase because the loss was more than $15,000 but less than $40,000; a two-offense-level increase because the offense involved trafficking of an unauthorized access device; a two-offense-level decrease because Smith was a minor participant in the criminal activity; and a two-offense-level decrease for acceptance of responsibility. J.A. 175. The report stated that "restitution shall be ordered" but that the amount was "$TBD." J.A. 193. Smith did not object to the report. J.A. 195.

The district court, Honorable Robert J. Conrad, Jr., presiding, conducted Smith's sentencing hearing. J.A. 60–72. The parties agreed that the Sentencing Guidelines advisory range was 10 to 16 months. J.A. 62. Smith testified that he was "part of the conspiracy" and was "very well aware that [he] made a bad choice." J.A. 66. The prosecutor noted that "Mr. Smith did have a minor role in this offense" and asked the Court to sentence Smith "in the middle of the guideline range." J.A. 66. The prosecutor also requested additional time to propose a restitution amount, and Smith did not object. J.A. 67.

The district court sentenced Smith to 12 months and one day in prison and two years of supervised release, and it held open the determination of restitution for 90 days. J.A. 68–70. The court entered judgment against Smith on February 7, 2020. J.A. 48. The judgment provided that the restitution amount was "$TBD" and that restitution was "deferred until 4/16/2020." J.A. 52. Smith did not appeal the judgment.

On March 18, 2020, the United States timely filed a motion for final determination of restitution pursuant to the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A. J.A. 55. The motion requested restitution for 28 victims in the amount of $254,453.98 to be paid jointly and severally by 12 co-defendants, including Smith. J.A. 56. The United States identified the victims and loss amounts in an exhibit "compiled with information provided to law enforcement during and after the investigation" of the offense. J.A. 56. Two of Smith's co-defendants objected to the restitution request. J.A. 163. Smith did not object or otherwise respond. J.A. 163.

6

On March 29, 2022, the district court ordered Smith and nine of his co-defendants to pay $254,453.98 in restitution, with the liability to be shared jointly and severally. J.A. 77. The court found that the United States' list of victims and losses was "supported by a preponderance of the evidence." J.A. 76. And it noted that none of the ten defendants had objected to the restitution request. J.A. 76. The next day, on March 30, 2022, the district court entered an amended judgment ordering Smith to pay $254,453.98 in restitution. J.A. 86. The judgment ordered payment "to begin immediately." J.A. 84. The court entered separate restitution orders for the two co-defendants who had objected, ordering them to pay smaller amounts of restitution. *Br. of Appellant* at 21–22.

Four months later, in July of 2022, the United States filed an application for a writ of continuing garnishment against Smith's wages under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205. J.A. 87. The district court issued a writ of continuing garnishment the same day. J.A. 92. More than five weeks after the United States filed its garnishment application, Smith filed a motion to stay the

7

garnishment and determine a restitution. J.A. 103. Smith argued that the court's restitution order and amended judgment violated Smith's right to due process. J.A. 103. After the United States responded that Smith had notice and opportunity to object to the United States' motion for restitution and to appeal the district court's restitution order, Smith filed an amended motion to stay the garnishment. J.A. 138. The same day, his counsel moved to withdraw because she believed Smith "may have a colorable ineffective assistance of counsel claim." J.A. 146. The United States then moved for a final order of continuing garnishment. J.A. 147. The district court entered an order on January 11, 2023, denying Smith's motion to stay, granting the United States' request for an order of garnishment, and authorizing counsel to withdraw. J.A. 165–167. The court specifically rejected Smith's attempt to relitigate the restitution order and amended judgment, holding that they "became final when they were not appealed." J.A. 164.

Smith filed a notice of appeal on January 23, 2023, nearly nine months after the district court issued its amendment judgment. J.A. l69. In the notice of appeal, he purported to appeal the restitution order

8

entered on March 29, 2022; the amended judgment entered on March 30, 2022; and the garnishment order entered on January 11, 2023.  J.A. 169.

## ARGUMENT

### I.    This Court should dismiss Smith's appeal because it is untimely.

#### A.    Standard of Review

The interpretation of federal rules is a question of law that this Court considers de novo.  *United States v. Coontz*, 810 F. App'x 201, 206 (4th Cir. 2020) (unpublished decision).

#### B.    Discussion

This Court should dismiss Smith's appeal because it is untimely. Federal Rule of Appellate Procedure 4(b)(1)(A)(i) required Smith to file his notice of appeal "within 14 days after" the entry of the restitution order and amended judgment identified in his notice of appeal.  Fed. R. App. P. 4(b)(1)(A)(i); *Manrique v. United States*, 581 U.S. 116, 121 (2017); *United States v. Maisey*, No. 21-6134, 2021 WL 4473393, at *1 (4th Cir. Sept. 30, 2021).  The district court entered the restitution order and amended judgment on March 29, 2022, and March 30, 2022,

respectively.  J.A. 77, J.A. 78.  The time to appeal those orders expired

on April 12, 2022, and April 13, 2022, more than nine months before

Smith filed his notice of appeal on January 23, 2023.  J.A. 169.

Although the district court could have extended the deadline by 30 days

upon a showing of "excusable neglect or good cause," the court did not

extend the deadline, nor could it have extended the filing period beyond

30 days.  Fed. R. App. P. 4(b)(4).

Smith's appeal is untimely.  In his opening brief, Smith identifies

three issues, each of which asserts error related to the restitution order

and amended judgment, not the garnishment order.

First, Smith argues that the district court abused its discretion

when it amended his judgment to include the restitution order.  *Br. of*

*Appellant* at 2.  This argument indisputably concerns the restitution

order and amended judgment entered in March 2022.  Second, Smith

asserts that the United States breached the plea agreement and

committed prosecutorial misconduct by failing to request restitution

"commensurate with Smith's minor participant role."  *Id.*  This

argument challenges the conduct of the United States when it

requested restitution in March 2020. Third, Smith contends that his
attorney failed to provide effective assistance of counsel when she
declined to object to the motion for restitution. *Br. of Appellant* at 2.
This argument likewise focuses on his attorney's conduct in response to
the 2020 restitution request. Because each of these arguments
challenges the restitution order and amended judgment, Smith's notice
of appeal, filed more than nine months after the district court entered
that order and the amended judgment, is untimely.

Smith's notice of appeal would have been timely had he appealed
the district court's garnishment order entered on January 11, 2023, but
his opening brief does not contain any argument relating to that order.
*Br. of Appellant* at i. While Smith's notice of appeal referred to the
district court's garnishment order, his brief does not challenge that
order. And he has waived any argument regarding the garnishment
order by "failing to present it in [his] opening brief." *Grayson O Co. v.
Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) (cleaned up). In any
event, his challenge to the garnishment order in the district court was
merely an attempt to relitigate the restitution order and amended

11

judgment, which the district court correctly noted "became final" when they were "not appealed." J.A. 164. Smith did not therefore timely appeal the orders Smith argues were infirm, and this Court should dismiss Smith's appeal as untimely. *Manrique*, 581 U.S. at 121 (explaining that Rule 4(b)'s timing requirement is "a mandatory claims-processing rule"); *United States v. Marsh*, 944 F.3d 524, 529 (4th Cir. 2019).

## II. This Court should dismiss Smith's appeal because he knowingly and voluntarily waived his right to appeal his conviction and sentence, and his challenge to the restitution order and amended judgment fall within the scope of that waiver.

### A. Standard of Review

Whether a defendant effectively waived his right to appeal is a matter of law that this court reviews de novo. *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018).

### B. Discussion

Even if this Court finds that Smith's appeal is timely, it should nevertheless dismiss Smith's appeal because Smith knowingly and voluntarily waived his right to challenge his sentence when he pleaded

12

guilty, and the arguments he presents on appeal fall squarely within the scope of that waiver. It is well established that a defendant may waive the right to appeal his conviction or sentence in a valid plea agreement and the waiver is valid if it is knowingly and voluntarily made. *United States v. Weon*, 722 F.3d 583, 588 (4th Cir. 2013). Absent extraordinary circumstances, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established." *United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005).

The district court conducted a careful and thorough Rule 11 colloquy, and Smith does not contend that his plea hearing was inadequate or that his guilty plea was not knowing and voluntary. *Br. of Appellant* at 3. During his Rule 11 hearing, Smith affirmed under oath that he understood the terms of his plea agreement — including that the court might order restitution and that he would be bound by his plea even if his sentence was more severe than expected — and he affirmed that he understood that he had expressly waived his right to appeal his conviction and sentence. J.A. 41–42. In exchange for this waiver, the United States agreed to several concessions, including that

the appropriate sentence was one within the applicable guideline range and that it would "not oppose a minor participant adjustment." J.A. 19. The record establishes that Smith knowingly and voluntarily pleaded guilty and waived his right to challenge his sentence on appeal. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (holding appellate waiver is valid if the district court questions a defendant regarding the waiver during the Rule 11 colloquy and the record indicates the defendant understood the significance of the waiver).

Smith's argument that the district court erred in ordering restitution falls squarely within the scope of the appellate waiver in his plea agreement. As this Court explained in *United States v. Boutcher*, where a defendant agrees in his plea agreement that he is subject to mandatory restitution under the Mandatory Victims Restitution Act and waives his right to appeal his sentence, that waiver applies to "legal errors" in the district court's computation of restitution. 998 F.3d 603, 611 (4th Cir. 2021). Smith argues that the district court erred by holding him jointly and severally liable for all losses caused by the conspiracy rather than apportioning liability in an amount

14

commensurate with his role. *Br. of Appellant* at 23–24. This claim of "legal error" in the calculation of restitution is precisely the kind of error that *Boutcher* held was barred by the defendant's broad appeal waiver, which, like Smith's, waived the right to appeal "on any ground." 998 F.3d at 610–11 (enforcing appeal waiver where defendant argued that the district court lacked authority to award restitution based on victim's purported profit, instead of his loss, because defendant agreed restitution was authorized and challenged only the amount of restitution ordered); *United States v. Cohen*, 459 F.3d 490 (4th Cir. 2006) (enforcing appeal waiver to preclude challenge to restitution where conspiracy defendant agreed to make restitution "to any victim in whatever amount the Court may order" but argued that the district court lacked the authority to order him to pay restitution to all victims of the conspiracy).

This Court's decision in *United States v. Broughton-Jones* 71 F.3d 1143 (4th Cir. 1995), supports the dismissal of Smith's appeal. Relying in part on the absence of any language authorizing the imposition of restitution for losses other than those caused by the offense of

15

conviction, this Court held in *Broughton-Jones* that a defendant's
appeal waiver did not preclude the defendant from challenging the
district court's authority to impose restitution for conduct other than
her offense of conviction under the Victim and Witness Protection Act.
Unlike the defendant in *Broughton-Jones*, Smith agreed in his plea
agreement to pay "full restitution . . . regardless of whether [his]
conduct constitutes an 'offense'" under the Victim and Witness
Protection Act or the Mandatory Victims Restitution Act.  J.A. 20.  He
does not challenge the Court's authority to enter the restitution order
but simply challenges the amount of restitution he was ordered to pay.
*Br. of Appellant* at 24.  This Court has held such claims barred by
appeal waivers like the one included in Smith's plea agreement.  This
Court should therefore dismiss his claim that the district court abused
its discretion when it ordered him to pay restitution because it is barred
by his knowing and voluntary appellate waiver.  Smith received the
benefit of his plea bargain in the form a minor-participant adjustment
and a sentence within the guidelines range, and he should not be

16

allowed to circumvent the waiver he knowingly exchanged for those

concessions.

**III. This Court should dismiss Smith's challenge to his attorney's performance because ineffective assistance of counsel does not conclusively appear from the record.**

**A.    Standard of Review**

This Court will consider a claim of ineffective assistance of counsel

on a direct appeal from a criminal conviction "only if it conclusively

appears from the record" that the appellant's counsel "did not provide

effective assistance." *United States v. Martinez*, 136 F.3d 972, 979 (4th

Cir. 1998).  Ineffective-assistance claims that do not meet this standard

are "not cognizable on direct appeal," *United States v. Allen*, 491 F.3d

178, 192 (4th Cir. 1998), and should be dismissed, *see United States v.

Hoyle*, 33 F.3d 415, 419 (4th Cir. 1994); *accord United States v.

Carrasco*, 619 F. App'x 248, 249 (4th Cir. 2015) (unpublished decision).

The appropriate vehicle for a defendant in an ordinary federal criminal

case to challenge the effectiveness of his or her counsel is a motion to

vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, to

permit development of the record. *See United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

**B.    Discussion**

Even if this Court declines to dismiss Smith's appeal as untimely, this Court should dismiss Smith's ineffective-assistance-of-counsel claim because the record does not establish, conclusively or otherwise, that Smith's counsel was constitutionally deficient at the time the United States made its restitution request.  To prevail on a theory of ineffective assistance of counsel, Smith must establish that his attorney's performance fell below an objective standard of reasonableness, judged "from counsel's perspective at the time," *Strickland v. Washington*, 466 U.S. 668, 689 (1984).  He must also establish prejudice in the form of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

Smith alleges that his counsel's performance was deficient because she failed to object to the United States' motion for restitution. *Br. of Appellant* at 31–32.  But Smith claim that his counsel's

18

performance was deficient because she failed to object to the United States' motion for restitution fails because the record establishes that the restitution motion was well supported, legally and factually. Smith concedes that he agreed to "pay full restitution, regardless of the resulting loss amount, to all victims directly or indirectly harmed" by his relevant conduct. *Br. of Appellant* at 4. This Court has made clear that "each member of a conspiracy that in turn causes property loss to a victim is responsible for the loss cause by the *offense*, not merely for the losses caused by a particular conspirator's overt acts." *United States v. Seignious*, 757 F.3d 155, 161 (4th Cir. 2014) (emphasis in original). A conspiracy defendant is therefore liable "for the conduct of all co-conspirators that was in furtherance of the conspiracy and reasonably foreseeable to him." *United States v. Newsome*, 322 F.3d 328, 338 (4th Cir. 2003).

Smith's plea agreement and this Court's precedent authorized the district court to order Smith to pay restitution for the losses that he and his co-conspirators caused. And the district court received uncontested evidence that (1) Smith rented cars enabling his co-conspirators to

travel to stores to conduct fraudulent transactions and (2) Smith's co-conspirators made or attempted to make purchases totaling $512,286.62.  J.A. 174.  Smith cannot therefore establish that counsel failed to provide "reasonable professional assistance" when she declined to object to the restitution order.  *Strickland*, 466 U.S. at 689.  Indeed, nine of his co-defendants did not object to the restitution motion.

Smith's counsel's explanation to the district court that she did not object because she "did not see" the restitution motion and would have "immediately objected" had she seen it does not save Smith's claim. J.A. 109.  This Court must evaluate her performance under an objective standard, and the alternative explanation for her conduct discussed above — that she did not object to the restitution request because she did not think an objection would succeed — suffices to confirm that her representation was adequate under *Strickland*.  *Premo v. Moore*, 562 U.S. 115, 124 (2011).  In any case, deficient performance is far from conclusive from the record.  Defense counsel also asserted to the district court that entry of the amended judgment ordering restitution two years later did not "trigger any alarm."  J.A. 110.  And importantly, in

the motion to stay the garnishment, defense counsel noted that she was "relying on her memory, Mr. Smith's recollections, and her notes and emails with the government attorneys in this case" in placing her failure to object into context. J.A. 107. Given the passage of time and ambiguities in the district court proceedings, the record does not come close to conclusively establishing deficient performance.

The record also does not conclusively establish prejudice in the form of a reasonable probability of a different result because nothing in the record suggests the restitution order was incorrect as to Smith. He pleaded guilty to access-device fraud conspiracy and agreed to pay "full restitution, regardless of resulting loss amount." J.A. 20. Under *Newsome*, Smith is liable for the conduct of all co-conspirators that was in furtherance of the conspiracy and reasonably foreseeable to Smith. 322 F.3d at 338. His argument that his agreed loss amount for sentencing purposes — $15,000 to $40,000 — casts doubt on his restitution amount offers him no assistance. *Br. of Appellant* at 31. As Smith conceded in the district court, J.A. 108, loss calculations for sentencing purposes and restitution purposes are often different. In

*Newsome*, for example, four co-defendants were ordered to pay $248,459.53 in restitution jointly and severally, even though two of the co-defendants' loss amounts for sentencing purposes were dramatically lower ($32,321.52 and less than $1,000). 322 F.3d at 335. The district court received uncontested evidence supporting the conclusion that Smith's acts and the reasonably foreseeable acts of his co-conspirators caused more than $250,000 in loss to their victims. Nothing in the record conclusively establishes that the United States' restitution request was incorrect as to Smith, and nothing in the record conclusively establishes a reasonable probability that the Court would have entered a different restitution amount had Smith's counsel objected. The record therefore does not conclusively establish the prejudice required to support a claim of ineffective assistance of counsel.

## CONCLUSION

Smith's appeal is untimely and should be dismissed. His argument that the district court abused its discretion in entering his restitution judgment should be dismissed for the additional reason that it is barred by the appellate waiver in his knowing and voluntary plea

agreement.  And his ineffective assistance of counsel claim, even if not

untimely, should be dismissed because the record does not conclusively

establish his claim.

RESPECTFULLY SUBMITTED, this 30th day of August, 2023.

DENA J. KING
UNITED STATES ATTORNEY

s/ Julia K. Wood
Assistant United States Attorney
North Carolina Bar No. 51754
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
Telephone: (704) 344-6222
Fax: (704) 344-6229
Email:  julia.wood@usdoj.gov

## **CERTIFICATE OF COMPLIANCE**

1.     This motion has been prepared using a computer running Microsoft Word 2010, in Century Schoolbook font, and 14-point typeface.

2.     EXCLUSIVE of any materials excluded by Federal Rule of Appellate Procedure 32(f) or under Rule 27(a)(2)(B), the motion contains 4,043 words.

I understand that a material misrepresentation can result in the Court's striking the motion and imposing sanctions.  If the Court so directs, I will provide an electronic version of the brief or a copy of the word or line print-out.

s/ Julia K. Wood
Assistant United States Attorney
USAO Charlotte, NC

## CERTIFICATE OF SERVICE

I certify that I have this day caused to be served a copy of the above Motion to Dismiss Appeal upon the appellant by serving his attorney of record through electronic case filing.

This 30th day of August, 2023.

s/ Julia K. Wood
Assistant United States Attorney